CLARKE,
February, 1833.

STATE
*v.*
ASHLEY.

----●◉●----

IN GWINNETT SUPERIOR COURT, MARCH TERM, 1833.

THOMAS CARUTHERS, Administrator of ANDREW CARUTHERS, for the use of JOHN STEWART *vs.* JAMES WARDLAW.

### *Debt.*

THIS action was brought on an instrument in the following words. " Within two months from this date, I promise to " pay for Andrew Caruthers to William Mattbie, clerk of the " Inferior Court of Gwinnett county, the sum of four hundred " dollars, and to take a receipt therefor for the said Andrew, " provided the said Andrew shall within that time make and " execute to me good, indisputable warranty titles to Lot No. " 145, (one hundred and forty five) in the twenty-second dis- " trict, of originally Museogee county ; if titles are not made " within said time, this instrument to be void.    Witness my " hand and seal this 10th July, 1829.
                    " (Signed) James Wardlaw." [SEAL.]

An action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the *legal interest,* in such contract, is vested.

On the trial, defendant's counsel demurred to the declaration on the ground that from plaintiffs' own showing, he could not in law maintain an action on the instrument declared on, and that the suit (if any could be maintained) should have been in the name of William Mattbie, who alone was the legal payee of said instrument.

*Per Curiam.* The first general rule of pleading, is that the action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the *legal interest,* in such contract, is vested.—See Chitty's Pleadings, 1 vol. 3 and 4, and the authorities there cited. The promise in the instrument declared on, is to pay to William Mattbie, &c. and not to pay Andrew Caruthers. According to this rule, then, Caruthers cannot maintain an action on this instrument. The case put in illustration of the above stated principle is stronger in favor of plaintiff than the case under consideration.    It is this.

GWINNETT,
March, 1833.

CARUTHERS,
Administrator of
CARUTHERS
*v.*
WARDLAW.

" When a bond is made to A. *to pay him* or a *third person* a sum of money for the benefit of the *latter,* the action must be brought in the name of A., and the third person cannot even release the demand." In the case put, the promise was to pay A. or *a third person* for the benefit of the third person ; in the case under consideration, the promise is to pay Mattbie alone, and no other person. In support of this position, see Scoley and Domailee *v.* Mearns, 7 East, 148. That Caruthers cannot maintain this action, see Schack *et al. v.* Anthony, 1 Maule and Selwyn's Rep. 575.

The demurrer is sustained, and case dismissed.

N. B. The plaintiffs objected to the motion to dismiss, because if good, it ought to have been made by the rule of court at the first term. It was decided that the rule requires such grounds as would not be good in arrest of judgment, to be taken advantage of at the first term—but the ground now taken would be good in arrest of judgment, and therefore can be taken advantage of at any time.